IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Marcy Hartwell, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   12 C 8396 |
| NCO Financial Systems, Inc., a Pennsylvania corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Marcy Hartwell, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Marcy Hartwell ("Hartwell"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a delinquent consumer debt, despite the fact that she was represented by an attorney located in Chicago, Illinois.

4. Defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. From its offices in Illinois, and 31 other states, as well as 11 foreign countries, Defendant NCO operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant NCO was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant NCO is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, NCO conducts business in Illinois.

6. Moreover, Defendant NCO is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, NCO acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

7. Ms. Hartwell experienced financial hardship and fell behind on paying her bills. When NCO began trying to collect debts from her, Ms. Hartwell sought the assistance of an attorney, Stuart B. Handelman, regarding her financial difficulties and Defendant NCO's collection actions.

8. Thus, when "Sara Avana" from Defendant NCO called Ms. Hartwell on July 2, 2012 at 7:50 p.m., from phone number 877-378-5297, she told Defendant's debt collector that she had retained an attorney as to her debts and that Defendant NCO should cease calling her. Moreover, Ms. Hartwell then provided the required contact

information for her attorney, Stuart B. Handelman.

9. Nonetheless, less than an hour later, an "Alex" from Defendant NCO called Ms. Hartwell, on July 2, 2012, at 8:45 p.m., from phone number 800-434-4954. Ms. Hartwell repeated the same message to Defendant's debt collector, Alex, namely that she had retained an attorney as to her debts and that Defendant NCO should cease calling her, and provided the contact information for her attorney.

10. Undeterred, "Shalin" from Defendant NCO called Ms. Hartwell on July 3, 2012, at 10:50 a.m., from phone number 888-579-0626. Ms. Hartwell, again, explained that she had retained attorney Stuart B. Handelman to represent her as to her debts and asked that NCO cease contacting her. "Shalin" responded that, until Ms. Hartwell provided a bankruptcy case number and a cease contact letter from her attorney, NCO's calls could and would continue. Ms. Hartwell again provided the name and phone number for her attorney, Stuart B. Handelman.

11. Defendant NCO's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant NCO's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

15. Defendant NCO knew that Ms. Hartwell was represented by counsel in connection with her debts because she had twice informed Defendant NCO that she was represented by counsel and directed Defendant NCO to cease directly communicating with her.  By directly calling Ms. Hartwell, despite being advised that she was represented by counsel, Defendant NCO violated § 1692c (a)(2) of the FDCPA.

16. Defendant NCO's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA -- False Statements

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including threatening to take any action that cannot legally be taken or that is not intended to be taken, see, 15 U.S.C. § 1692e(5).

19. Defendant violated § 1692e of the FDCPA by making false collection statements to Ms. Hartwell.  Specifically, NCO's collection agent told Ms. Hartwell that NCO could continue to call her until NCO received a bankruptcy case number and a cease collections letter from Ms. Hartwell's attorney.  Section § 1692c(a)(2) of the FDCPA, however, requires that a debt collector cease contacting a consumer when they have knowledge that the consumer is represented by an attorney.  Therefore,

Defendant NCO made a false, deceptive or misleading statement to the Plaintiff in regards to NCO's ability to continue to contact her regarding the debt at issue and, as such, violated § 1692e of the FDCPA.

20. Defendant's violation of § 1692e(2) of the FDCPA renders it liable for statutory and actual damages, costs and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Marcy Hartwell, prays that this Court:

1. Find that Defendant NCO's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Hartwell, and against Defendant NCO, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marcy Hartwell, demands trial by jury.

Marcy Hartwell,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: October 18, 2012

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com